MACOMBER and LEWIS, JJ., concurred.

Judgment appealed from reversed and a new trial granted, with costs to abide the event.

---

WILLIAM M. ENGLISH, RESPONDENT, *v.* JAMES H. LEE AND OTHERS, APPELLANTS, IMPLEADED WITH OTHERS, DEFENDANTS.

*Mechanic's lien — relative rights of a contractor and sub-contractor — assignment of the lien — bona fide purchaser.*

Wilbur F. Catton, who had contracted to do certain carpenter work upon a house of Henry S. Sill, entered into a sub-contract for such work with Lee, Holland & Co. Catton, subsequently, on February 1, 1890, caused a mechanic's lien to be prepared, which was filed February 3, 1890, and on the same day he assigned all his interest in the lien to one English, to whom he was at the time indebted.

On the same day, but later in the day, Lee, Holland & Co. filed a lien as sub-contractors.

A dispute having arisen as to who was entitled to the fund due from Sill to Catton: *Held,* that the lien of Lee, Holland & Co. was superior to that of English.

That the statute (Laws of 1885, chap. 342, § 20, as amended by chap. 420 of 1887), expressly postponed the lien of the contractor to that of the sub-contractor, and that English stood in the position of Catton.

That English, who took the assignment of the lien for a pre-existing debt, was not a *bona fide* purchaser for value.

APPEAL by the defendants, James H. Lee, Franklin Lee, Nelson Holland and Henry E. Montgomery, from a judgment of the County Court of Erie county, entered, after a trial at the Erie County Court before the court, in the clerk's office of said county on the 2d day of March, 1891, wherein it was, among other things, adjudged that the proceeds of the sale of the premises described in the judgment be paid to the plaintiff to the extent of $413, and that the defendants pay the plaintiff's costs.

*J. L. Romer*, for the appellants.

*F. C. Peck*, for the respondent.

DWIGHT, P. J.:

The controversy is between a sub-contractor and an assignee of the contractor as to the superiority of their respective liens on a fund paid into court by the owner of the property against which the liens were filed.

One Catton was the contractor to do the carpenter work of a house to be erected by the defendant Sill. The contract was substantially performed, and there was unpaid to the contractor thereon on the 1st day of February, 1890, the sum of $430.13. On that day Catton made and verified the required notice of lien for the sum of $595, which was the amount claimed by him to be unpaid on the contract, and on the same day (February 1), and before the notice was filed or lien acquired, executed, acknowledged and delivered to the plaintiff an instrument which purported to assign to the plaintiff "all my (his) right, title and interest in and to a certain mechanic's lien, filed by me in Erie county clerk's office on the 3rd day of Feb. 1890; said lien being filed by me as contractor for the sum of $595, due from Henry S. Hill, of," etc. The explanation given of the fact that the assignment anticipated the filing of the lien by two days is, that the first day of February was Saturday, and that the clerk's office was closed from the noon of that day until Monday morning; but the fact remains that no lien existed at the time the assignment was made, and, therefore, all that passed by the assignment was the right of Catton to acquire a lien thereafter. Catton's notice of lien was actually filed, with the assignment attached, at nine o'clock A. M. of February third.

The assignment purports to have been made in consideration of a present payment of money; but such was not the case. The claim was, in fact, assigned to the plaintiff for collection; the avails to be applied, only as collected, in payment of an antecedent debt due from Catton to the plaintiff. This is the precise effect of the plaintiff's own testimony, reiterated several times. There is no evidence to the contrary, and the defendant's exception to the refusal of the court to find in accordance therewith, viz., that the plaintiff did not

part with anything of value in consideration of the assignment, was well taken.

The defendants, Lee, Holland & Co., were sub-contractors, under a contract with Catton to furnish doors, sash and other wood-work, and did furnish such work and materials to the amount of $842, which remained unpaid on the 3d day of February, 1890, and on that day, at 2.15 P. M., they duly filed their notice of lien for that amount.

We can have no doubt that the last mentioned lien was superior to that of the plaintiff. It is impossible that the plaintiff, as assignee of Catton, should acquire any greater rights than those of his assignor. And the lien of the latter is expressly postponed to that of Lee, Holland & Co., by the terms of the statute (Laws of 1885, chap. 342, § 20, as amended by chap. 420 of 1887), which, after defining who are sub-contractors, provides that " the court, in the judgment, shall direct the amount due sub-contractors and workmen to be paid out of the proceeds of sales in their order of priority as herein provided, before any part of such proceeds are paid to the contractors," and this is without reference to the time of filing the contractor's notice of lien. It seems that a portion of the indebtedness due from Catton to the plaintiff was for materials which went into the building on the premises in question; and, so far as that was the case, the plaintiff was, probably, a sub-contractor, and if he had filed notice of lien as such, then, as between himself and Lee, Holland & Co., the question of superiority of lien would have depended on the priority in filing their respective notices. But he did not file a lien as sub-contractor, but relies upon his assignment of Catton's lien (or right to acquire a lien) as contractor. Doing so, he must stand in the place of his assignor and be content to take what the statute would give to the latter if no assignment had been made. He had no claim to the position of a " *bona fide* purchaser for value." He neither paid nor surrendered anything of value in consideration of the assignment. His own statement is that he took the claim to collect and apply the avails, as collected, in payment of the debt due to him. No one questions the good faith, in the general sense, of this transfer, but it is familiar law that a transfer made upon such a consideration is not a transfer " for value " in such sense as to prevail over the equities of third persons

against the transferror. Here the sub-contractors, Lee, Holland & Co., were, by the statute, entitled to priority over the contractor Catton, though the notice of lien of the latter was filed some hours before that of the former, and the plaintiff, as assignee of the contractor, was subject to the same equities in favor of the sub-contractors as those which affected his assignor. Upon this ground alone, without considering others suggested, we are clearly of the opinion that the learned County Court erred in awarding the superiority of lien to the plaintiff.

The judgment appealed from should be reversed and a new trial granted.

Macomber and Lewis, JJ., concurred.

Judgment of County Court of Erie county, appealed from, reversed and a new trial granted, with costs to abide the event.